# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5205 | **DATE** | March 18, 2002 |
| **CASE TITLE** | *Prudential v. Buenviaje* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The motions for an award of the insurance proceeds filed by Buenviaje's parents and siblings [23-1] and his wife and children [27-1] are denied. Briefing will proceed in the form prescribed by L.R. 56 and pursuant to the court's standing order as follows. On 4/15/02, the parties shall exchange: (1) their motions for summary judgment: (2) a joint statement of undisputed material facts; and (3) separate supplementary statements of material fact, if necessary. On 5/13/02, the parties shall exchange responses, responses to any separate supplementary statements of material fact, and any statements of additional facts. On 5/28/02, the parties shall exchange replies and responses to any statements of additional facts. On 5/29/02, the parties shall file the fully briefed cross motions for summary judgment. The court will rule by mail.

(11) ■ [For further detail see order attached to the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 20 2002 | |
| | Notified counsel by telephone. | | date docketed | 34 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAR 19 PM 3:35 | | |
| RTS | courtroom deputy's initials | FILED-ED TO | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | 99 C 5205 |
| ELENA C. BUENVIAJE, a/k/a ELENA C. CASTOR and ELENA C. CASTOR BUENVIAJE, SHEILA BUENVIAJE, LEILA BUENVIAJE FIL BUENVIAJE, JR., FIL BUENVIAJE, III. a/k/a FIL BUENVIAJE, II, NORA M. BUENVIAJE, MARIA LUISA B. RAMIRA, JUAN G. BUENVIAJE, PATRICIA M. BUENVIAJE, AMIE T. AGUILA, MARIBEL B. HERNANDEZ, VIRGILIO M. BUENVIAJE, WILLIAM M. BUENVIAJE, LILY B. ILIGAN and ELVIRA B. ALDANA, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | DOCKETED MAR 2 0 2002 |

## MEMORANDUM AND ORDER

On November 7, 1997, Fil Buenviaje was found dead in the Republic of the Philippines. At the time of his death, Buenviaje owned three life insurance policies issued by the Prudential Insurance Company of America. Prudential deposited the insurance funds with the court and was dismissed from the action. This interpleader action turns on which members of Buenviaje's prolific family are entitled to the insurance money. The family has divided into two competing factions. One group consists of Buenviaje's parents and siblings, while the other group is comprised of Buenviaje's wife and children. The two camps have filed cross motions seeking the proceeds from the insurance policies. For the reasons set forth below, these motions are denied.

34

## Standard of Review

The court must first determine what standard of review is appropriate. The cross motions are both titled "motions for the disbursement of the funds deposited by Prudential." In order to determine which group gets the insurance proceeds, however, the court must ascertain if there are any material issues of disputed fact and, if not, determine the rights of the parties based on a consideration of admissible evidence. The motions are thus cross motions for summary judgment, regardless of the nomenclature employed by the parties, and the court will treat them as such. *See Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999) (when disposition of the funds in an interpleader action are at issue, if there are no genuine issues of material fact, the court may determine the rights of the claimants).

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no dispute over a genuine issue of material fact exists. *Celotex Corp. v. Carrett*, 477 U.S. 317, 324 (1986).

The court must evaluate the admissible evidence supporting the motion in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the court must only draw reasonable inferences based on the evidence in each group's favor, as opposed to all conceivable inferences. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). With these standards in mind, the court turns to the parties' cross-motions.

## Discussion

Buenviaje did not die of natural causes. His parents and siblings claim that his wife and children caused his death and, therefore, cannot collect the life insurance proceeds. The court's analysis of this argument begins and ends with one simple point: neither group has cited to any admissible evidence supporting their position or opposing the other group's position. This is a critical omission, as to prevail on a motion for summary judgment, a party must produce admissible evidence supporting its position, Fed. R. Civ. Pro. 56(e), and to defeat a motion, a nonmoving party must produce "evidence of evidentiary quality." *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994); *New Hampshire Ins. Co. v. Farmer Boy AG, Inc.*, No. 98-0031-T/G, 2000 WL 33125128 *5-6 (S.D. Ind. Dec 19, 2000). In other words, both sides must point to evidence that would be admissible at trial. *Winskunas v. Birnbaum*, 23 F.3d at 1267-68, *citing Celotex Corp. v. Catrett*, 477 U.S. at 324.

Here, the wife and children direct the court's attention to an affidavit of heirship signed by one of the children. Even if the affidavit was admissible, it does not touch on the key disputed issue in this case, namely who was responsible for Buenviaje's death. On the other hand, the parents and siblings have filed records from a criminal investigation in the Republic of the Philippines and a will purportedly executed by Beunviaje. The parents and siblings admit that these documents are unauthenticated translations and offer to produce authenticated versions. Parents and Siblings Reply 3. Because none of these documents are admissible, the court cannot consider them.

In addition, given that the parties' motions are, in effect, motions for summary judgment, the parties were obligated to follow Local Rule 56, which governs the form of such motions.

Neither group did so. The court may, in its discretion, require strict compliance with the local rules. *See. e.g., Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000); *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999). Citations in pleadings to allegedly undisputed facts are simply insufficient to allow the court to conduct what is essentially a paper trial. In sum, neither group has presented any admissible evidence that establishes that their version of the facts is correct. The parties will have to try again.

## Conclusion

For the foregoing reasons, the motions for an award of the Prudential insurance proceeds filed by Buenviaje's parents and siblings [23-1] and his wife and children [27-1] are denied. Briefing will proceed in the form prescribed by Local Rule 56 and pursuant to the court's standing order as follows. On April 15, 2002, the parties shall exchange: (1) their motions for summary judgment: (2) a joint statement of undisputed material facts; and (3) separate supplementary statements of material fact, if necessary. On May 13, 2002, the parties shall exchange responses, responses to any separate supplementary statements of material fact, and any statements of additional facts. On May 28, 2002, the parties shall exchange replies and responses to any statements of additional facts. On May 29, 2002, the parties shall file the fully briefed cross motions for summary judgment.

DATE: 3-18-02

Blanche M. Manning
U.S. District Court Judge

99cv5205.interpleader

4